United States District Court
Southern District of Texas
ENTERED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

MAR 1 7 2009

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RUBEN MORENO, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-08-CV-133 |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On April 29, 2008, Petitioner Ruben Moreno filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a brief in support thereof.  (Doc. Nos. 1, 2).  On December 18, 2008, this Court ordered Respondent to respond to the Petition, and on February 26, 2009, Respondent filed a Motion for Summary Judgment asking the Court to deny and dismiss Mr. Moreno's Petition.  (Doc. No. 20).

Having considered Mr. Moreno's Petition, Respondent's Motion for Summary Judgment, and all applicable facts and law, Respondent's Motion (Doc. No. 20) is hereby **GRANTED** and the Petition (Doc. No. 1) **DENIED**.  Mr. Moreno has also filed a Motion to Transfer (Doc. No. 6), which the Court hereby **DENIES** as being moot.

### Background

Petitioner Moreno was convicted and sentenced to a term of thirty-nine years imprisonment by a Texas state court for murder.  (Rec. at 79–82).[1]  Mr. Moreno entered a plea of

---

[1]"Rec." refers to the clerk's record of state habeas pleadings.  *Ex Parte Moreno*, Application No. 63,343-01.

guilty in the 103rd District Court of Cameron County, Texas pursuant to a plea agreement and

was sentenced on March 2, 2007.  (*Id.*).  He did not appeal his conviction (Doc. 1 at 3) but did

file an application for state writ of habeas corpus (Rec. at 1), which was denied by the Texas

Court of Criminal Appeals on February 27, 2008 (*Id.* at cover).  Mr. Moreno files the instant

federal habeas action pursuant to 28 U.S.C. § 2254.  (Doc. No. 1).

### Petitioner's Allegations

Petitioner's allegations can be summarized as follows:

1.  The assistant district attorney committed prosecutorial misconduct when she

    a.  refused to recuse herself due to their prior acquaintance and her alleged animosity toward him, and
    b.  withheld information regarding two favorable defense witnesses;

2.  His guilty plea was not knowing and voluntary because he was unaware of the existence of two favorable defense witnesses; and

3.  He was denied effective assistance of counsel when his trial attorney failed to

    a.  investigate witnesses in general
    b.  provide Moreno with information regarding two favorable witnesses in particular, and
    c.  request that the prosecutor recuse herself in open court

(*See* Doc. No. 1 at 7).

### Standard of Review

Review of Mr. Moreno's Petition is governed by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA").  28 U.S.C. § 2254 (2008); *Lindh v. Murphy*, 521 U.S. 320, 336

(1997) (holding that AEDPA applies to non-capital habeas cases filed after its effective date of

April 24, 1996).  Under the AEDPA,

> This Court may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

*Riddle v. Crockrell*, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)–(2)).

Further, the Court must also presume the state court's factual findings to be correct unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

## Discussion

The Court addresses each of Petitioner's allegations in turn.

## I.    Prosecutorial misconduct

Petitioner alleges that the prosecutor refused to recuse herself from his case despite the fact that she was biased against him, and that this bias manifested itself in her deliberate withholding of information concerning two favorable defense witnesses. (Doc. No. 2 at 2). The source of this alleged bias, Petitioner explains, is the fact that he and the prosecutor, Ms. Gabriela Garcia, attended the same high school together and had at that time a particular friend in common over whom Petitioner alleges he had "great influence," much to the alleged chagrin of Ms. Garcia. (*Id.* at 1–2). With time, Petitioner maintains, this chagrin metastasized into a fury that rendered Ms. Garcia incapable, years later, of executing her office in an unbiased manner as it concerned Petitioner's indictment for murder–so much so, that Ms. Garcia allegedly withheld information concerning two witnesses favorable to the defense. (*Id.* at 2).

3

Petitioner offers nothing beyond these bald claims.  The only misconduct that Petitioner claims resulted from the prosecutor's alleged bias concerns the two "favorable witnesses", yet Petitioner does not identify who these favorable witnesses were, what they would have said, or how their testimony would have been favorable.  "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).  Such assertions will not support claims for prosecutorial misconduct.

Furthermore, Petitioner raised these claims in his state habeas petition (Rec. at 6, 17, 21–25, 40–43), and the state court made findings of fact resulting in the conclusion that the claims were without merit (Rec. at 49– 52), a conclusion that was affirmed by the Texas Court of Criminal Appeals without an evidentiary hearing (*Id.* at cover).  Accordingly, this Court can only grant Petitioner habeas relief if it determines that the state court's determination was in conflict with clearly established federal law or that it was based on an "unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).  Petitioner offers no evidence to this effect, to say nothing of the "clear and convincing" evidence required by the federal habeas statute to overcome the presumption of correctness to which state-court factual determinations are entitled.  28 U.S.C. § 2254(e); *Neal v. Puckett*, 239 F.3d at 696.  For these reasons, Petitioner's claim for relief on the ground of prosecutorial misconduct fails.

## II.    Plea was not voluntary

Petitioner also alleges that his plea of guilty was not knowingly or voluntarily made because he was never advised of the existence of two favorable witnesses. (Doc. No. 2 at 1).  "A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was

knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).  As explained in *James*,

> The critical issue in determining whether a plea was voluntary and intelligent is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.  If the record shows the defendant understood the charge and its consequences, this Court will uphold a guilty plea as voluntary . . . .

*Id.* (internal quotations omitted).  Further, "[t]he consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996).

In the first place, as discussed above, Petitioner offers no evidence concerning the existence of these two favorable witnesses beyond his conclusory allegations.  More broadly, Petitioner alleges no specific facts showing he was not adequately informed of the nature and substance of the charges against him.  Mr. Moreno pled guilty to murder.  He did so after having waived his right to have the jury decide guilt or innocence, to confront or cross-examine witnesses, and not to incriminate himself orally or in writing.  (Rec. at 57–59.)  By his signature on the waivers, Moreno indicated in open court that he was aware of the consequences of his plea and that it was indeed voluntary.  (*Id.*).

The burden is on the petitioner to rebut the presumption of regularity to which these state-court records are entitled.  28 U.S.C. § 2254(e)(1); *see also Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986) ("In a habeas proceeding, the petitioner has the burden of proving that he is entitled to relief.").  Moreover, "solemn declarations in open court carry a strong presumption of verity." *Blacklege v. Allison*, 431 U.S. 63, 74 (1997).  The record demonstrates that Mr. Moreno made a plea of guilty in open court knowing and understanding the charges

against him and the applicable range of punishment for the offense. Petitioner's bare allegation

of the existence of two undisclosed witnesses favorable to his defense, unsupported by any

evidence whatsoever, does not affect this fundamental point, and so his claim of an involuntary

plea is unavailing.

### III.    Ineffective assistance of counsel

Petitioner contends that by failing to adequately investigate witnesses and failing to

request, in open court, that the prosecutor recuse herself, Petitioner's attorney rendered him

ineffective assistance. (Doc. No. 2 at 4). The *Strickland* test, articulated by the Supreme Court

in *Strickland v. Washington*, 466 U.S. 668 (1984), governs the evaluation of a claim of

ineffective assistance of counsel. Under the first prong of the *Strickland* test, a defendant must

show that his trial counsel's performance was deficient. *Id.* at 687. Under the second prong, the

defendant must show that his counsel's deficient performance prejudiced him. *Id.* at 689.

"[E]ffective assistance of counsel on the entry of a guilty plea requires that counsel

ascertain whether the pleas are entered voluntarily and knowingly." *Randle v. Scott*, 43 F.3d 221,

225 (5th Cir. 1995). The Court has already determined that Mr. Moreno guilty plea was

knowing, intelligent, and voluntary. (*See supra* at 5). More broadly, Petitioner's ineffective-

assistance claims ultimately turn on the issue of the allegedly undisclosed witnesses favorable to

the defense, and the Court again notes that Petitioner has failed to produce any evidence

whatsoever concerning the identity of the alleged witnesses, the content of their testimony, or

even whether they would have been willing to testify in the first place. "In order for the appellant

to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this

testimony would have been favorable, but also that the witness would have testified at trial."

6

*Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). "[H]ypothetical or theoretical

testimony will not justify the issuance of a writ . . . ." *Martin v. McCotter*, 796 F.2d 813, 819

(5th Cir. 1986) (internal quotations omitted). Similarly, to the extent that the only manifestation

of prosecutorial bias that Petitioner alleges is failure to identify favorable witnesses, Petitioner

cannot show prejudice on this ground, either.

Finally, Petitioner raised precisely the same ineffective-assistance claim in his state

habeas proceeding (Rec. at 8), and the Court of Criminal Appeals affirmed the state court's

finding that Mr. Moreno was not denied effective assistance of counsel (*Id.* at 49–52; cover).

Accordingly, this Court can only grant Petitioner habeas relief if it determines that the state

court's determination was in conflict with clearly established federal law or that it was based on

an "unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).

Petitioner offers no evidence to this effect, to say nothing of the "clear and convincing" evidence

required by the federal habeas statute to overcome the presumption of correctness to which state-

court factual determinations are entitled. 28 U.S.C. § 2254(e); *Neal v. Puckett*, 239 F.3d at 696.

For all of these reasons, Petitioner's claim for relief on the ground of ineffective assistance of

counsel fails.

For the reasons stated herein, Mr. Moreno's Petition for Writ of Habeas Corpus (Doc. No.

1) is **DENIED** and Respondent's Motion for Summary Judgment (Doc. No. 20) is **GRANTED**.

Further, the Court **DENIES** Petitioner's Motion to Transfer (Doc. No. 6) as being moot.


Signed this 17th day of March, 2009.

_____
Andrew S. Hanen
United States District Judge